## PAULINA SPALLA
### vs.
## WILLIS J. PROUTY

Superior Court      Fairfield County      File #48723

Present: Hon. NEWELL JENNINGS, Judge.

Milton Hausman;
Reich & Reich,            Attorneys for the Plaintiff.

Pullman & Comley,         Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 2, 1936.

JENNINGS, J.   This motion was pressed on two grounds. The first ground relates to the charge on the evidence with reference to the distance of the defendant's car from the intersection at the time the plaintiff's car entered.   My examination of the charge has led me to the conclusion that, while it might have been more clearly expressed, it was adequate under all the circumstances.   Taking the evidence as a whole, it was clear that the defendant's car must have been a considerable distance away at the time.   The exact distance was not important.

The second ground relates to a situation new in my experience.   It concerns only the plaintiff's injuries.   After the plaintiff and her doctors had testified and she had rested her case, the defendant offered testimony on the question of liability but no medical testimony as to the damages.

In rebuttal the plaintiff was called to the stand and asked whether or not she was examined by another doctor, not her own.   She replied that she was examined twice by Dr. Patterson.   Her counsel then called Mr. Gates to the stand.   He was then questioned substantially as follows:

Q.   Are you associated in the defense of this case?   A. Yes.

Q.   Was Dr. Patterson in the court room during the trial? A.   Yes.

I quote from memory but this was at least the effect of the testimony.

Mr. Gates is known by me to be the adjuster for the defending insurance company but there is no reason to suppose that the jury knew him to be such except as they might infer it from the situation described.   The explanation of this strategy given by the counsel for the plaintiff at the time of the argument was that, the damages being the important issue in the case, he wanted to be sure that the jury knew that Dr. Patterson was available as a witness, that he did not think that his client had seen him in the court room and that he knew of no other way to prove his point.   It is true that counsel often take the liberty of explaining the absence of a witness in argument although it is improper.   The tactics adopted were rather close to the line but were theoretically

entirely proper and seemed to me in this case justifiable. The plaintiff had no broken bones but claimed that she had been totally disabled for a long period of time. She was supported in this claim by her doctors. Her credibility in this respect was the paramount issue in the case. Hardly any argument was as potent in supporting her claim as the fact that she had been examined by the defendant's doctor and that, although he was actually present during the trial, he had not been called.

The defendant moved for a mistrial on this ground. In denying the motion I gave him his choice of instructing the jury on the effect of insurance if they suspected its existence or of ignoring the subject. He chose the latter alternative. The verdict was, in my opinion, modest and fair and he should abide by the result.

The motion is denied.